# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Joseph Lupia<br><br>    Plaintiff,<br><br>v.<br><br>Enterprise Recovery Systems, Inc.<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Tampa, FL at all times relevant to this action.

2. Defendant is an Illinois corporation that maintained its principal place of business in Westchester, IL at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to University of Florida, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around November 18, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

14. The debt in question was listed on Plaintiff's bankruptcy petition.

15. On or around January 13, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.

16. During this communication, Defendant notified Defendant of Plaintiff's bankruptcy filing and provided Plaintiff's bankruptcy case number as well as Plaintiff's attorney's contact information.

17. Despite knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff again on or around January 14, January 17, January 24, January 25, and January 29, 2011 in connection with the collection of the debt.

18. Despite knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff again on February 10, 2011 in connection with the collection of the debt.

19. During this communication, Plaintiff reiterated that Plaintiff had filed bankruptcy, provided Defendant with the case number, and provided Defendant with Plaintiff's attorney's contact information.

20. Despite knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff again on February 19, 2011.

21. Defendant caused Plaintiff emotional distress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

24. In support hereof, Plaintiff incorporates paragraphs 13-20 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

26. In support hereof, Plaintiff incorporates paragraphs 13-20 as if specifically stated herein.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By:   s/ Helene Karen Gatto
     Helene Karen Gatto
     Bar # 0190527
     2901 West Busch Blvd, Suite 701
     Tampa, FL 33618
     Telephone:  866-339-1156
     Email:  kga@legalhelpers.com
     Attorneys for Plaintiff